United States District Court
Southern District of Texas
**ENTERED**
July 24, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| TRACEY TROY HUDSON | § § | |
| Plaintiff. | § § | |
| VS. | § § | CIVIL ACTION NO. 3:17–CV–00314 |
| POT-O-GOLD RENTALS, LLC; CITY OF GALVESTON, TX; and PARK BOARD OF TRUSTEES OF THE CITY OF GALVESTON | § § § § § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

All dispositive pretrial motions in this case have been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Dkt. 23. Pending before the Court is Defendant City of Galveston's Motion for Dismissal with Prejudice ("Motion to Dismiss"). Dkt. 36. Having considered the motion, the response, the reply, and applicable law, the Court RECOMMENDS that the City's Motion to Dismiss be DENIED.

### I. BACKGROUND

Plaintiff Tracey Troy Hudson ("Hudson") originally filed this personal injury lawsuit in the 122nd Judicial District Court of Galveston County, Texas against Defendant Pot-O-Gold Rentals, LLC ("Pot-O-Gold"). Pot-O-Gold timely removed the case to this Court on the basis of diversity jurisdiction. In her Second Amended

Complaint ("Complaint"), Hudson added Defendants City of Galveston, Texas (the "City") and Park Board of Trustees for the City of Galveston ("Park Board").

Hudson complains about an injury she received on March 15, 2017. Hudson alleges that she pulled over to use a port-o-potty "situated between the streets of the City of Galveston and the seawall, owned and/or operated by the Park Board." Dkt. 28 at 2. When Hudson exited the port-o-potty, she contends a "large curb blocked the egress of the port-o-potty resulting in her severe injuries." *Id.* Hudson sued Pot-O-Gold, the City, and the Park Board, asserting causes of action for negligence, negligence *per se*, gross negligence, and premises liability.

## II. RULE 12(b)(6) STANDARD

FED. R. CIV. P. 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief may be granted." A court must not dismiss a complaint for failure to state a claim unless the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 545). "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Cuvillier*, 503 F.3d at 401 (quoting *Twombly*, 550 U.S. at 558) (internal

2

quotation marks omitted). In considering a Rule 12(b)(6) motion, a Court must accept "all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999). Generally, a "motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted." *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982) (citation omitted).

### III. DISCUSSION

**A.     The Issue of Control Over the Port-O-Potty**

In its Motion to Dismiss, the City argues that this case should be dismissed because "the alleged incident did not occur on property belonging to the City" and the City did not exercise control over the premises at issue. Dkt. 36 at 2. In response, Hudson argues that whether the City controlled the port-o-potty in dispute is an open question that requires additional discovery. To address these arguments, the Court must first briefly discuss the legal framework governing the underlying causes of action for negligent-activity and premises liability.

Negligent-activity and premises liability claims "involve closely related but distinct duty analyses." *W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005). In a negligent-activity case, one who owns, occupies, or controls the property must "do what a person of ordinary prudence in the same or similar circumstances would have . . . done," whereas the property owner or occupier in a premises liability case must "use ordinary care to reduce or eliminate an unreasonable risk of harm created by a premises condition which the owner or occupier [of land] knows about or in the exercise of ordinary care

3

should know about." *Timberwalk Apartments, Partners, Inc. v. Cain*, 972 S.W.2d 749, 753 (Tex. 1998) (alteration in original) (citations and internal quotation marks omitted). In both negligent-activity and premises liability cases, liability does not attach unless the defendant owns, occupies or controls the premises.[1] *See Clayton W. Williams, Jr., Inc. v. Olivo*, 952 S.W.2d 523, 527 (Tex. 1997).

The City cites to *Payne v. City of Galveston*, 772 S.W.2d 473 (Tex. App.—Houston [14th Dist.] 1989, writ denied) as proof that "the City does not own or control the Galveston Seawall, including the port-o-pott[ies] located on the Seawall, Seawall Boulevard, and the adjacent sidewalks." Dkt. 36 at 2. In *Payne*, the Texas appellate court concluded:

> The county owned the seawall, maintained it and Seawall Boulevard as an integral part of the seawall. The city only regulates traffic on the boulevard, provides police protection and provides some restroom facilities and trash collection.

772 S.W.2d at 478. While it is clear from *Payne* that Galveston County owns and controls the Seawall, Hudson's live pleading does not contend the port-o-potty in dispute was located on the Seawall. Indeed, the Complaint states that "[t]he port-[o]-potty was situated *between* the streets of the City of Galveston and the seawall." Dkt. 28 at 2 (emphasis added). At this early stage, the Court is reluctant to dismiss the case on the

---

[1] As a governmental entity, the City is immune from tort liability unless the Texas Legislature has waived immunity in "clear and unambiguous language." *Federal Sign v. Tex. S. Univ.*, 951 S.W.2d 401, 405 (Tex. 1997). The Texas Tort Claims Act provides a limited waiver of immunity for certain suits where "personal injury and death [are] so caused by a condition or use of . . . real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law." TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(2). As such, the City is potentially liable in this premises liability action if it owned or controlled the premises where the port-o-potty was placed.

4

ground that the City did not control the premises when there is an express allegation in the Complaint that "Defendants were the owner, controller, and/or possessor of said premises on said date." *Id.* at 3. If, after discovery takes place, there is unmistakable evidence that the City did not own, occupy, or control the premises where the injury took place, a motion for summary judgment would be the appropriate avenue for the City to pursue.

**B.    The Pot-O-Gold/Park Board Contract**

The City argues that it "had no control, care, or custody over where the injury took place because [it was] not a party to the contract for the placement of the temporary port-o-pott[ies] along the Seawall." Dkt. 36 at 3. In support of this argument, the City attaches to its Motion to Dismiss a contract Pot-O-Gold entered into with the Park Board to provide equipment and services of temporary port-o-potties along the Seawall. According to the City, this contract demonstrates that "the City did not exercise any actual control over the details of the placement or construction of the temporary port-o-pott[ies] or have any involvement in their maintenance." Dkt. 36 at 4. In response, Hudson objects to consideration of the Pot-O-Gold/Park Board contract because it is evidence outside of the pleadings. Hudson further contends that it should be permitted to "conduct[] discovery to determine the validity of the contract or if this, or another, contract covers the port-o-potty in question." Dkt. 37 at 4.

In deciding whether to grant a motion to dismiss, it is well-established that the district court may not look beyond the pleadings. *See Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 340 (5th Cir. 2008). The pleadings include the complaint and any

documents attached to the complaint. *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000). Likewise, documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to the plaintiff's claim. *See Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003). The Pot-O-Gold/Park Board contract is not part of the pleadings since it is neither attached to the Complaint nor referenced in Complaint. As such, the Court cannot consider the Pot-O-Gold/Park Board contract in deciding the City's Motion to Dismiss.

When a party presents matters outside the pleadings with a Rule 12(b)(6) motion, the Court has two options: (i) it can treat the motion as one for summary judgment under Rule 56, and provide all parties a reasonable opportunity to present all the material that is pertinent to the motion; or (ii) it may refuse to consider the materials outside the pleadings and decide the Rule 12(b)(6) motion under the proper standard of review. *See Ace Am. Ins. Co. v. Huntsman Corp.*, 255 F.R.D. 179, 188 (S.D. Tex. 2008).

When, as in this case, "documents outside the pleadings have been submitted in connection with a motion to dismiss and discovery would be appropriate to resolve the issues raised in that motion, it is appropriate to allow discovery before converting the motion into one for summary judgment." *Ace Am. Ins. Co.*, 255 F.R.D. at 187 (citations omitted). *See also Simmang v. Tx. Bd. Of Law Examiners*, 346 F. Supp. 2d 874, 890 (W.D. Tex. 2004) ("[I]f little or no discovery has been conducted on the issue for which the extraneous material was submitted [in connection with a motion to dismiss under Rule 12(b)(6)], the Court may decline to consider the attached materials and decline to

6

convert the motion into a summary judgment motion.") (citations omitted). As such, the Court will not convert the City's Motion to Dismiss to a dispositive motion under Rule 56, but rather will decide the City's Motion to Dismiss on its merits without considering the Pot-O-Gold/Park Board contract.[2]

### C. The Texas Recreational Use Statute

The City also asserts that it is immune from suit pursuant to the Texas Recreational Use Statute. TEX. CIV. PRAC. & REM. CODE ANN. § 75.001–.007. The Recreational Use Statute limits the liability of the State and others who open their land for recreational purposes. *See State v. Shumake*, 199 S.W.3d 279, 284 (Tex. 2006). The Recreational Use Statute provides, in relevant part, that "if a person enters premises owned, operated, or maintained by a governmental unit and engages in *recreation* on those premises, the governmental unit does not owe to the person a greater degree of care than is owed to a trespasser on the premises." TEX. CIV. PRAC. & REM. CODE ANN. § 75.002(f) (emphasis added). Since a premises owner owes a trespasser the limited duty not to injure that person willfully, wantonly, or through gross negligence, the Recreational Use Statute "effectively immunizes the landowner or occupant from ordinary negligence claims associated with the property's recreational use by requiring the plaintiff to establish gross negligence." *Univ. of Tex. at Arlington v. Williams*, 459 S.W.3d 48, 49 (Tex. 2015). The City argues that because Hudson has not sufficiently

---

[2] Even if the Court considered the Pot-O-Gold/Park Board contract, it is not clear what relevance that agreement has to this case. The contract is dated April 3, 2018, more than a year *after* Hudson was allegedly injured exiting the port-o-potty.

alleged a gross negligence claim in this case, the application of the Recreational Use Statute mandates dismissal of Hudson's claims.[5]

Importantly, the Recreational Use Statute only applies if a plaintiff is engaged in "recreation" on the governmental unit's "premises" at the time of the injury. TEX. CIV. PRAC. & REM. CODE ANN. § 75.002(f). The statute sets forth a nonexclusive list of activities that constitute "recreation," including fishing, swimming, boating, and bicycling. *Id.* §§ 75.001(3), 75.002(e). In determining whether a particular activity constitutes "recreation" for purposes of the statute, the relevant inquiry is "what [the plaintiff] was doing when [the plaintiff] was injured." *City of Bellmead v. Torres*, 89 S.W.3d 611, 614 (Tex. 2002).

Based on the Complaint's allegations, the Court cannot determine if Hudson was engaged in recreation at the time of her injury. There is no express allegation that Hudson was engaged in any recreational activity at the time of her injury. The Complaint simply notes that the incident occurred when Hudson "pulled over to use a port-o-potty . . . ." Dkt. 28 at 2. At the motion to dismiss stage, the Court is limited to reviewing the four corners of the Complaint. *See Morgan v. Swanson*, 659 F.3d 359, 401 (5th Cir. 2011) ("At this early pleading stage, our factual universe is bounded by the four corners of the complaint."). Accordingly, the Court will not merely assume that Hudson was engaged in recreation when the injury occurred. If, after some discovery, there is

---

[5] Although the City claims Hudson has not sufficiently alleged a gross negligence claim, the Complaint clearly asserts a gross negligence claim. As discussed in this opinion, even if Hudson did not advance a gross negligence claim, it is inappropriate at this juncture of the case to dismiss the negligence claims based on the Recreational Use Statute.

evidence that Hudson was engaged in recreation at the time of the injury for which she complains in this lawsuit, the City is certainly entitled to argue in a motion for summary judgment that the Recreational Use Statute bars or limits Hudson's claims. For now, however, the City's effort to dismiss the case at the Rule 12(b)(6) stage based on the Recreational Use Statute is denied.

## IV. CONCLUSION AND RECOMMENDATION

For the reasons stated above, the Court RECOMMENDS that the City's Motion for Dismissal with Prejudice (Dkt. 36) be DENIED.

The Clerk shall provide copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002–13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

SIGNED at Galveston, Texas, this 24th day of July, 2018.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE